[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action seeks a dissolution of marriage, custody and visitation orders, alimony, a conveyance of real estate, a division of marital assets, counsel fees, and other appropriate equitable relief. Both parties were present at trial and represented by counsel. The minor children were also represented by counsel. The Court, in determining the requests of the parties applies the provisions of Title 46b of the Connecticut General Statutes.
The parties intermarried on July 18, 1970 at Manchester, Connecticut and at least one of them has resided in Connecticut for at least one year prior to the bringing of this action.
There is no disagreement between the parties that the marriage has broken down irretrievably and the Court so finds. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
The parties have stipulated to the division of real estate which they own and in accordance therewith the Court enters the following orders:
1. The wife shall transfer to the husband any interest she may have to a business property located on Broad Street, Manchester, Conn.
2. The wife shall transfer to the husband any interest she may have to the family residence on Knollwood Road, Manchester, Conn.
3. The wife shall transfer to the husband any interest she may have to the business known as K-B Automotive, Inc.
The husband shall assume any mortgages or debts associated with the aforesaid property and business and hold the wife harmless therefrom.
4. The husband shall transfer to the wife any interest he may have to real estate owned by the parties located on Brewer Street, East Hartford, Conn.
5. The husband shall transfer to the wife any interest he may have to real estate owned by the parties located in Hampton, New Hampshire. CT Page 2103
The wife shall assume any mortgages or debts associated with the aforesaid property, and hold the husband harmless therefrom, with the exception, however, that the husband shall pay the land lease on the Hampton, New Hampshire property, which is the balance of a ten (10) year term beginning April 1, 1987. (Plaintiff's Exhibit A).
The parties have entered into a stipulation concerning custody and visitation of the two (2) minor children, issue of the marriage. Accordingly, the Court enters the following orders as to custody and visitation.
1. Custody of the two minor children, Megan and Molly, shall be joint. Primary physical residence of both children shall be with the father. Any future change in custody shall be discussed with the children's psychiatrist, Dr. Jamshid A. Marvasti.
2. Visitation between the mother and children shall be liberal with the children visiting the mother in New Hampshire every other weekend. School vacations shall be spent with the mother as will summer vacation excepting that the father shall have two weeks each summer to spend with the children. Exchange of the children for visitation shall occur in Worcester as has been the practice of the parties.
3. The parties shall alternate major holidays and birthdays with the children.
4. The parties stipulate that for purposes of any future jurisdictional issues, Connecticut will remain the home state of the children, and any future litigation regarding custody and/or visitation shall take place in Connecticut.
5. There shall be no contact whatsoever between the children and Joseph Kertanis.
6. The children shall remain in counseling with Dr. Marvasti, and both parents shall cooperate with and participate in the therapy as may be recommended by Dr. Marvasti.
7. The mother shall be kept informed of each child's medical, academic and emotional status and shall have reasonable access to doctors and teachers.
8. Each party shall have reasonable telephone access to the children while in the other's care so long as such contact is not deemed harmful by children's therapist. CT Page 2104
9. Family relations and/or children's attorney to review the status of the custody/visitation arrangements in August, 1991.
10. Each party shall foster a loving and positive relationship between the children and the other parent, and other family members.
Sometime after the parties moved into the Knollwood Road home, probably 1985-1986, the wife became disenchanted with the marriage. She felt there was little in common between her and Mr. Braithwaite. In that frame of mind, after the parties bought the property in New Hampshire in 1987, she began to spend substantial time there, and became friendly with another man in New Hampshire, and while she denies having an affair with him, she spent a fair amount of time in his company. The husband was aware that another man was in the picture and that led to further deterioration of the marriage. In short, it was the change in the wife's attitude and her involvement with another man which was the principle cause for the breakdown of this marriage.
The husband owns his own business, K-B Automotive Inc., which is stipulated to have a value of $56,000.00. The husband testified credibly that the present economic times have caused a loss of income. He draws $600.00 per week and has not received a bonus for two (2) years. The business does provide him with medical insurance and automobile expenses.
It is significant also that the defendant is supporting two minor children who live with him. Both of the children are receiving psychiatric counseling at a cost of $120.00 (after insurance payment), every other week. Counsel for the children asks the Court to consider the cost to the custodial parent of that care, as well as the cost of keeping both girls in parochial school, which she feels is in their best interest to continue. The wife does not contribute to the support of said children and it will fall upon the husband to meet those obligations.
Accordingly, the husband shall pay the wife lump sum alimony in the amount of $24,000.00 within thirty (30) days.
He shall pay the additional amount of lump sum alimony of $96,000.00, to be paid in one hundred and twenty (120) monthly payments of $800.00 each. Said obligation of $96,000.00 shall be secured by a mortgage on the Knollwood property securing a non-interest bearing promissory note containing the standard terms of collection including CT Page 2105 attorneys fees, and providing for interest, however, in the event of default, at the rate of 8% per annum.
No additional alimony orders are entered. The husband shall maintain the plaintiff on any medical insurance available through K-B Automotive pursuant to COBRA provisions, but for not more than three (3) years. Jointly owned Stock (Vernon Bank) shall be shared equally by the parties.
Each party shall be responsible for his or her own attorney fees and shall share equally the cost of counsel for the minor children.
Liabilities as shown on the financial affidavits shall be the responsibility of the party to whom it is listed.
The husband shall return to the plaintiff any of the following items in his possession:
The wife's father's diamond ring
Hope chest and contents
Wife's wedding gown
Any personal property belonging to the wife's father
Seth-Thomas Anniversary Clock
Wife's luggage, Wife's father's luggage
Any ceramics made by the wife
Fanikins figurines
 The wife's silver bureau set (mirror, brush, comb, powder box)
The wife's phonograph records
The wife's hairdressing supplies
Any clothing belonging to the wife
The wife's maiden name of Mary Sheehan is restored to her.
Klaczak, J. CT Page 2106